UNITED STATES of America,
Plaintiff–Appellee,

v.

Osmin Alexander BARRERA, also known as Armando Guevara, Defendant–Appellant.

No. 06–40237
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 19, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM: *

Osmin Alexander Barrera pleaded guilty to being illegally present in the United States following deportation and was sentenced to a 46–month term of imprisonment. Barrera argues that the district court erred by enhancing his offense level based on its finding that Barrera's prior Florida conviction for aggravated battery was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Barrera also argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court decisions.

The district court did not err by increasing Barrera's offense level pursuant to § 2L1.2(b)(1)(A)(ii) based on the determination that a prior Florida aggravated battery conviction was a crime of violence. *See United States v. Dominguez*, 479 F.3d 345, 347–49 (5th Cir.2007). The sentence enhancement was proper because Barrera's prior conviction had as an element at least a threatened use of force. *See id.* at 348–49.

Barrera's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Barrera contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

268, 276 (5th Cir.2005). Barrera properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.